UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X  (Jury Trial Demanded
DAIIKWAN VILLANUEVA,                                                                                    of all issues)

                                     Plaintiff,       **AMENDED COMPLAINT**

        -against-

                                     CV. NO. 1:22-cv-00169-FB-SJB

DET. JOHN WEIBURG (TAX REG. #947598),
SGT. MOHSIN A. MOHSIN (SHIELD #3024),
P.O. JOHN DOES and CITY OF NEW YORK

                                     Defendants.
------------------------------------------------------------------------------X

The Plaintiff DAIIKWAN VILLANUEVA, by his Attorney GARNETT H. SULLIVAN, ESQ., complaining of the Defendants alleges as follows:

**PRELIMINARY STATEMENT**

**1.** This is a civil rights action in which the plaintiff seeking relief for the defendant's violation and deprivation, under the color of State law of plaintiff's rights secured by the Fourth and Fourteenth amendments of the New York and United States constitutions and under common law, and is being brought pursuant to 42 U.S.C. §1983.

**2.** Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable.  A jury trial is demanded.

**JURISDICTION**

**3.** Jurisdiction is based upon and conferred to this Court by 42 U.S.C. §1983 and 28 U.S.C. §§ 1331 and 1343(3) and (4).  Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C.

§1367. Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367 with respect to any and all State law claims and against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

4.      The plaintiff DAIIKWAN VILLANUEVA, at all times hereinafter mentioned, was and still is a Citizen of the United States and a resident of the City and State of New York.

5.      Upon information and belief of all times hereinafter mentioned defendant DET. JOHN WEIBURG was a citizen of The United States, and resident of the State of New York who was a police officer employed by the City of New York in such capacity.

6.      Upon information and belief of all times hereinafter mentioned defendant SGT. MOHSIN A. MOHSIN was a citizen of The United States, and resident of the State of New York who was a police officer employed by the City of New York in such capacity.

7.      That defendant "JOHN DOE" is a fictional name because the true name of said defendant is unknown but is believed to be a citizen of The United States, and a resident of the state of New York who at all times hereinafter mentioned was employed by defendant CITY OF NEW YORK and acting as such.

8.      The defendant CITY OF NEW YORK is a municipal organization, organized and existing by virtues if the laws of the State of New York.

## FACTUAL ALLEGATIONS

9.      On May 5, 2019 before midnight, plaintiff drove to his home located at 25 Wright St, Staten Island, Richmond County, New York for the purpose of dropping off groceries and feeding his dog.

10.     That after plaintiff had unpacked and stored the groceries as well as fed his dog, plaintiff was exiting his home to return to Brooklyn when he observed a male who he later recognized as Bobby Hambrick running towards his home while being chased by several men.

**11.** The male he recognized to be Bobby Hambrick ran past plaintiff into plaintiff's home and slammed the door shut.

**12.** Plaintiff then saw the men who were chasing Bobby Hambrick pointing guns and flashlights in the direction of the window to his home.

**13.** That the men who chased Bobby Hambrick were not uniformed and plaintiff was unaware that they were police officers until after some time.

**14.** Plaintiff then opened the door to the premises and his dog ran out the door.

**15.** That defendant "JOHN DOE" shot plaintiff's dog. Upon hearing the shot plaintiff dropped to the floor.

**16.** That immediately after plaintiff dropped to the floor, one of the defendant police officers placed a gun to plaintiff's back, near his neck.

**17.** That plaintiff had been on the phone with his mother and cried out "mom help me".

**18.** That defendants grabbed the phone away from plaintiff and forcefully handcuffed plaintiff.

**19.** That numerous police officers entered plaintiff's home with guns drawn.

**20.** Plaintiff was transported by defendants to the 120th precinct along with Bobby Hambrick. Plaintiff was never informed of the charges lodged against him and plaintiff had committed no crime whatsoever prior to his arrest.

**21.** Plaintiff was eventually transported while handcuffed to NYPD Central Booking in Richmond County.

**22.** Plaintiff later found out that defendant DET. JOHN WEIBURG had falsely, wickedly, and maliciously charged plaintiff with the crime of Criminal Possession of a weapon and Criminal Possession of

stolen property, 4th degree, both felony offenses, as well as a misdemeanor charge of Possession of Large Capacity ammunition feeding device.

23. That defendant DET. JOHN WEIBURG falsely alleged in the plaintiff's arrest report that plaintiff "was found to be in possession of fully loaded firearm Glock model 19 with 16 rounds of hollow point ammunition serial number DDL638 along with a high-capacity magazine capable of holding 16 rounds of ammunition".

24. That defendant DET. JOHN WEIBURG made false statements in various other official police reports and The Criminal Court Complaint that was used to prosecute plaintiff and forwarded said fabricated police reports and verbal statements to the Richmond County District Attorney for the specific purpose of brining about the prosecution and conviction of plaintiff.

25. At the time the defendant DET. JOHN WEIBURG made such fabricated statements and false charges against plaintiff; he knew full well that plaintiff had committed no such crimes and was wholly innocent. Defendant DET. JOHN WEIBURG was aware that the recovered weapon was possessed by Bobby Hambrick who they chased into the premises and that plaintiff at no time exercised dominion or control of said weapon.

26. That as a result of the false charges made by defendant DET. JOHN WEIBURG plaintiff was held in custody on $100,000 bail.

27. Plaintiff was transported to Rikers Island Correctional Facility where he was detained until June 3, 2019 when his grandmother was able to post bail.

28. That on May 21, 2019 defendant SGT. MOHSIN A. MOHSIN re-arrested plaintiff and charged him with the felony crimes of Assault on a police officer (N.Y. Penal Law §120.08), Assault, second degree (N.Y. Penal Law §120.05 [(4)] and Reckless Endangerment, first degree (N.Y. Penal Law §120.25).

29. That said defendant SGT. MOHSIN A. MOHSIN wickedly and maliciously made such false charges knowing full well that plaintiff had committed no such crimes and was wholly innocent of such charges.

30. Defendant SGT. MOHSIN A. MOHSIN made such false charges against plaintiff for the purpose of justifying the shooting of plaintiff's dog and forwarded fabricated police reports as well as other false

information to the Richmond County District Attorney for the purpose of prosecuting plaintiff and facilitating conviction for crimes he knew plaintiff did not commit.

**31.** That wholly as a result of the fabricated statements of defendant's, plaintiff was prosecuted, incarcerated and indicted for crimes defendants knew plaintiff had not committed.

**32.** On August 3, 2020 the charges against plaintiff were dismissed by the prosecutor on the merits because of the lack of evidence that plaintiff had committed the crimes alleged.

**33.** That as a result of all of the aforementioned conduct by defendants, plaintiff was caused to suffer damages.

## FIRST CLAIM BY PLAINTIFF
### (False Arrest & Imprisonment – 42 U.S.C. §1983)

**34.** The plaintiff repeats, realleges and incorporates by reference the allegations set forth in the preceding paragraphs with the same force and effect as if set forth at length herein.

**35.** that the aforesaid arrest and imprisonment of the plaintiff by defendants in their capacity as law enforcement officers employed by defendant CITY OF NEW YORK acting under the color of State Law, without any authority of the law and without any reasonable cause or belief that the plaintiff had committed the offense for which he was charged.

**36.** That the said defendants, their agents, servants and employees falsely arrested and illegally imprisoned the plaintiff and intentionally subjected plaintiff to confinement which plaintiff was conscious of and said confinement was not otherwise privileged or consented to by plaintiff.

**37.** That by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by the defendants, their agents, servants and employees, plaintiff was wrongfully deprived of his rights, privileges and benefits provided to him under the constitutions of the united States of America and the State of New York, Plaintiff was caused to be subjected to great discomfort, loss of liberty, significant indignities,

ridicule, scorn, humiliation, mental distress and was prevented from attending to his usual activities and injured his reputation in the community and was further caused to incur damages.

38. That the defendants committed the foregoing acts willfully and with malicious disregard for plaintiff's rights and is therefore liable for compensatory as well as punitive damages.

39. That the conduct of the police officer defendants complained of was in the course of and in the furtherance of their employment as police officers employed by CITY OF NEW YORK.

## SECOND CLAIM
### (Violation of Due Process – 42 U.S. C. §1983)

40. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

41. That the defendant concocted and fabricated false evidence and information, including fabricated police reports, Criminal Court Complaint and forwarded such fabricated evidence and information to the Richmond County District Attorney's Office for the purpose of influencing a jury to find the plaintiff guilty of the false and fabricated charge.

42. The defendants conduct violated plaintiff's constitutional due process rights and caused plaintiff to suffer a deprivation of liberty.

43. That the determination of this claim in plaintiff's favor will in no way invalidate a prior conviction of plaintiff in regard to the occurrence complained of since plaintiff was not convicted of any offense arising from this incident. (*Heck v. Humphry*, 512 U.S. 477; *McDonough v. Smith*, 139 S. Ct. 2149).

## THIRD CLAIM
### (Conspiracy – 42 U.S.C. §1983)

44. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

**45.** That the defendants conspired to commit all the aforementioned wrongful and unlawful acts under the color of State Law including to falsely arrest and imprison plaintiff, using excessive force against plaintiff and fabricating evidence against plaintiff, and charging plaintiff with crimes defendants knew plaintiff did not commit.

**46.** The conspiracy by and between the defendants resulted in the actual deprivation of the following constitutional rights, privileges and immunities: (a) Plaintiff was deprived of his Fourteenth Amendment right to be free from unreasonable seizure of his person; (b) Plaintiff was deprived of his Fourteenth Amendment right to liberty, without due process of law.

## FOURTH CLAIM
### (Municipal Liability)

**47.** Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

**48**. That the defendant CITY OF NEW YORK is a "person" within the meaning of 42 U.S.C. §1983.

**49**. That at all times material to this complaint, the defendant CITY OF NEW YORK acting through its police department had in effect de facto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officer.

**50.** That it is common practice and common knowledge that police officers of the CITY OF NEW YORK routinely arrest individuals and maliciously charge them with the criminal violations of which plaintiff was charged, in the absence of probable cause to believe the persons committed any such violation of laws, as evidenced by thousands of jury verdicts.

**51.** That defendant CITY OF NEW YORK is well aware of the foregoing facts and has received innumerable complaints of false arrest for such charges, but the CITY OF NEW YORK has condoned such conduct, and has failed to take sufficiently reasonable actions to investigate and to institute polices to prevent or deter the police from charging innocent citizens of crimes of which they are wholly innocent.

**52.** Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

 (a) Failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, and arrest; physically assaulting a person; and other acts which a police officer of ordinary prudence would have done;

 (b) Hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities and a lack of proper temperament and whom they knew, or should have known, harbored hostility toward persons who questioned or criticized police conduct, or asserted their legal rights;

 (c) Failed to exercise care in instructing police officers, officials, supervisors, and civilian employees as to their deportment, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained and taken into custody, as to the preparation and submission of accurate criminal charges, as to consequences of inflicting summary punishment and bringing false criminal charges; and as to the obligation of police officers to intervene to protect citizens threatened with violence or deprived of constitutional rights by other NYPD police officers;

 (d) Failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct.

**53.** That despite the fact that numerous officers employed by the New York City Police Department have been found liable for false arrest by juries in Federal and State Courts, defendant CITY OF NEW YORK has failed to discipline such officers or to implement policies adequate to deter such conduct.

**FIFTH CLAIM BY PLAINTIFF**

**(Failure to Intervene – 42 U.S.C. §1983)**

**54.** Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

**55.** That defendant police officers had an affirmative duty to intervene on plaintiff's behalf to prevent violation of his constitutional rights despite having had a realistic opportunity to do so.

**56.** The individual police officer defendants failed to intervene on plaintiff's behalf to prevent violation of his constitutional rights despite having substantially contributed to the circumstances within which plaintiff's rights were violated by their affirmative conduct.

**57.**     As a result of such failure to intervene plaintiff's constitutional rights were violated.

**58.**     Plaintiff was caused to suffer violation of civil rights, loss of liberty, pain and suffering, anguish, anxiety, fear, humiliation, legal expenses, emotional distress, and damage to his reputation and standing within the community.

## SIXTH CLAIM BY PLAINTIFF
### (Malicious Prosecution – 42 U.S.C. §1983)

**59.**     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in the preceding paragraphs, as though fully set forth at length herein.

**60.**     Defendants instituted criminal proceeding against plaintiff and plaintiff was forced to submit to such proceedings.

**61.**     Such proceedings were instituted against plaintiff in the absence of any probable cause for the prosecution of plaintiff upon the false charges which were made by defendant with malice.

**62.**     The charges made against plaintiff were dismissed on the merits and said dismissal constitutes a favorable termination.

**63.**     Said malicious prosecution of plaintiff by defendants constituted a deprivation of plaintiff's Fourth Amendment Constitutional Rights for which plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against each defendant as follows:

    I.      Compensatory damages
    II.     Punitive damages
    III.    Attorney's fees pursuant to 42 U.S.C. §1983
    IV.    Costs and disbursements of this action
    V.     Pre-judgement and post-judgement interest
    VI.    Such other relief as to the Court seems appropriate in the interest of justice

Dated: South Hempstead, New York
       February 24, 2022

/s/ *Garnett H. Sullivan*
**GARNETT H. SULLIVAN, ESQ.**
**Attorney for Plaintiff**
1080 Grand Avenue
South Hempstead, NY 11550
(516) 285-1575
garnettsullivan@yahoo.com